IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DANNY JOE AVERY, JR.,

    Plaintiff,

v.                                                               No. 10-1034

BENDELL BARTHOLOMEW, Carroll
County Sheriff, et al.,

    Defendants.

_____

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL
_____

*INTRODUCTION*

The complaint of the Plaintiff, Danny Joe Avery, Jr., was filed on February 11, 2010 against the Defendants, Bendell Bartholomew, Carroll County, Tennessee Sheriff; Terry Dickey, Chief Deputy, Carroll County Sheriff's Department; John and Jane Does, Carroll County correctional officers/deputies; Carroll County Sheriff's Office and Carroll County.  Before the Court is the Defendants' May 20, 2010 motion for partial dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Plaintiff has not responded to the motion.

*STANDARD OF REVIEW*

Rule 12(b)(6) permits the Court to dismiss a complaint, or portions thereof, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In order to survive a Rule 12(b)(6) motion, the plaintiff "must allege facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.'" Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (internal citations

omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). "[The Court] must accept all well-pleaded factual allegations in the complaint as true." Hensley Mfg., 579 F.3d at 609 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955)).

*ARGUMENTS OF THE DEFENDANTS AND ANALYSIS*

*Official Capacity Claims.*

The Plaintiff has sued the individual Defendants in their official and individual capacities. The movants seek dismissal of Avery's official capacity claims. It is well-settled that "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 68, 109 S. Ct. 2304, 2310-11, 105 L. Ed. 2d 45 (1989)). Accordingly, as the Plaintiff's official capacity claims against the individual Defendants are in essence claims against Carroll County itself, they are hereby DISMISSED.

*Carroll County Sheriff's Office as a Suable Entity.*

The Defendants maintain that the Carroll County Sheriff's Office should be dismissed as it is not a suable entity. Since a sheriff's department is not an entity which may be sued, and Carroll County is the proper party to address the claims asserted by the Plaintiff, the claims against the sheriff's office are DISMISSED. *See* Jones v. Union County, Tenn., 296 F.3d 417, 421 (6th Cir. 2002); Matthews, 35 F.3d at 1049.

*Supervisory Liability.*

It is the position of the Defendants that, as the complaint makes no allegation of personal involvement by Sheriff Bartholomew in the acts which form the basis of Avery's claims, he should be dismissed as a Defendant in this matter. The instant lawsuit was brought under 42 U.S.C. § 1983. Because § 1983 liability cannot be based on *respondeat superior*, "proof of personal involvement is required for a supervisor to incur personal liability." Kosloski v. Dunlap, 347 F. App'x 177, 180 (6th Cir. 2009) (quoting Miller v. Calhoun County, 408 F.3d 803, 817 n.3 (6th Cir. 2005)). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." Petty v. County of Franklin, Ohio, 478 F.3d 341, 349 (6th Cir. 2007) (quoting Taylor v. Michigan Dep't of Corrs., 69 F.3d 76, 81 (6th Cir. 1995)). A "mere failure to act" is not sufficient. Walters v. Stafford, 317 F. App'x 479, 486 (6th Cir. 2009) (quoting Gregory v. City of Louisville, 444 F.3d 725, 751 (6th Cir. 2006)). "A plaintiff must show that a supervising officer did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on. Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." Id. at 486-87 (internal citations and quotation marks omitted). The Plaintiff has not averred that Bartholomew "authorized, approved or knowingly acquiesced in" any unconstitutional behavior, implicitly or otherwise, or that he was aware of the facts alleged in the complaint. Accordingly, Avery's claims against Bartholomew are DISMISSED.

*Unnamed Defendants.*

Finally, the Defendants seek dismissal of the unnamed John and Jane Doe Defendants. Avery averred in his complaint that "[t]he actual identities of [the Doe Defendants] are presently unknown to Plaintiff, but will be subsequently provided to the Court." (Compl. ¶ 6.) It appears from

3

the docket that no attempt has been made since that time to identify these persons. The statute of limitations period applicable to this § 1983 action has run. *See* Tenn. Code Ann. § 28-3-104(a)(3) (statute of limitations for claims brought under the federal civil rights statutes is one year); Berndt v. Tenn., 796 F.2d 879, 883 (6th Cir. 1986); Thornburgh v. Christy, No. 2:09-CV-141, 2010 WL 1257984, at *8 (E.D. Tenn. Mar. 26, 2010). The filing of a complaint against unnamed defendants does not toll the running of the statute of limitations against those parties. *See* Cox v. Treadway, 75 F.3d 230, 240 (6th Cir.), *cert. denied*, 519 U.S. 821, 117 S. Ct. 78, 136 L. Ed. 2d 37 (1996); Bufalino v. Mich. Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968), *cert. denied*, 394 U.S. 987, 89 S. Ct. 1468, 22 L. Ed. 2d 763 (1969).

Even if the Plaintiff were to amend his complaint to identify the Doe Defendants, however, such amendment would be futile. While Fed. R. Civ. P. 15, which governs amendments, permits an amended pleading to relate back to the date of the original complaint for statute of limitations purposes, the so-called relation back doctrine "requires that the newly added party receive sufficient notice of the action and that the delay in the addition of the new party be the result of a '*mistake* concerning the party's identity.'" Moore v. Tennessee, 267 F. App'x 450, 455 (6th Cir. 2008) (quoting Fed. R. Civ. P. 15(c)) (emphasis in original). "[A] plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)).'" Id. (quoting Fed. R. Civ. P. 15(c)) (citing cases). Thus, the Doe Defendants are dismissed from this action.

## *CONCLUSION*

Based on the foregoing, the motion is GRANTED.

IT IS SO ORDERED this 2nd day of July 2010.

4

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE